UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IRVIN BROOKS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-9527** |
| **CORNEL HUBERT, WARDEN** | **SECTION "C" (6)** |

## ORDER AND REASONS

This matter is before the Court on a petition for writ of habeas corpus by Irvin Brooks, seeking relief pursuant to 28 U.S.C. § 2254. The petitioner raises several claims for relief from his June, 1998 conviction of three counts of distribution of cocaine. Upon a review of the state court records, the habeas petition, response, traverse, memoranda, and applicable law, the Court has determined that petitioner's habeas corpus petition is untimely filed. For the reasons set forth below, this petition is DENIED WITH PREJUDICE.

I. BACKGROUND AND PROCEDURAL HISTORY

The petitioner is a prisoner of the state confined to the Elayn Hunt Correctional Center in St. Gabriel, La. Fed. Rec. Doc. 1. He filed this federal application for writ of habeas corpus, mailed November 6, 2007. Rec. Doc. 1-2, at 27 of 28. After trial, petitioner was convicted of three counts of distribution of cocaine, on June 11, 1998. State Rec. Vol. 1 at 10.[1] The court

---

[1] Two of the counts were charged in one bill of information, and the other in a separate bill of information. Thus the two counts were docketed separately from the other; all three were combined for trial.

denied his motion for a new trial and motion for post verdict judgment of acquittal on June 16, 1998.  *Id.* at 11.   The court sentenced him, on June 30, 1998, to twenty-five years at hard labor, at least five years to be served without benefit of parole, probation, or suspension of sentence on each count, all three to run concurrently.  State Rec. Vol. 2 at 352, 363.  The state filed multiple offender bill on the same date, *id.* at 366, and petitioner was thereafter adjudicated a multiple offender by the court on September 8, 1999.  *Id.* at 404-05.  The court vacated the sentence as to one of the counts, and sentenced petitioner to life imprisonment without the benefit of parole, probation, or suspension of sentence.  *Id.* at 405.

Petitioner appealed, assigning four errors, to the Louisiana Court of Appeal, Fifth Circuit.  On June 30, 2001, the appellate court reversed the petitioner's conviction and sentence, and remanded.  State Rec. Vol. 1; *State v. Brooks*, 00-KA-953, 00-KA-954 (La.App. 5 Cir. 1/30/01), 777 So.2d 643.  After concluding that the evidence produced at trial was sufficient to sustain the conviction, the court found that the trial court had erred in allowing the jury to view videotapes of the drug transactions during its deliberations.  *Brooks*, 777 So.2d at 648.   The court denied the state's motion for rehearing on February 28, 2001.  State Rec. Vol. 1; *State v. Brooks*, 00-KA-953, 00-KA-954 (La. App. 5 Cir. 2/28/01), 781 So.2d 643.  The state sought review in the Louisiana Supreme Court, and on January 14, 2003, that court reversed the decision of the court of appeal, and remanded for consideration of petitioner's remaining claims.  State Rec. Vol. 7; *State v. Brooks*, 2001-K-0785 (La. 1/14/03), 838 So.2d 725.  On remand, the Louisiana Fifth Circuit issued an opinion affirming the petitioner's conviction and sentence on February 11, 2003.  *State v. Brooks*, 00-KA-953, 00-KA-954 (La.App. 5 Cir. 2/11/03), 841 So.2d 854.  The

petitioner did not seek review of this decision in the Louisiana Supreme Court, as acknowledged in his petition.  Rec. Doc. 1-3 at 8.

Petitioner filed an application for post-conviction relief in the trial court on March 10, 2004.[2]  State Rec. Vol. 7.  The state responded on June 1, 2004, and the trial court denied his application on June 23, 2004.  *Id.*  However, this denial only pertained to one of the two dockets, which had been combined for petitioner's trial.  *Id.*; *see supra*, note 1.  On July 28, 2004, the state filed a motion to amend its response to be applied to the other captioned case, as well, which the court granted.  State Rec. Vol. 8.  On August 3, in response to petitioner's July 21, 2004 notice of intention to apply to the Court of Appeals, Fifth Circuit, for supervisory writs and/or review, the trial court granted petitioner an additional fifteen days to file his writ application, until August 7, 2004.  State Rec. Vol. 7.  On August 18, 2004, the trial court, in consideration of petitioner's March 10, 2004 application for post-conviction relief, the state's answer of June 1, 2004, and the state's July 28, 2004 motion to amend, denied the application in its entirety.  State Rec. Vol. 8.  Petitioner did not file his writ application seeking review of the trial court's June 23 order until August 25, 2004.   State Rec. Vol. 9.  The Louisiana Fifth Circuit denied this writ application on August 31, 2004.  State Rec. Vol. 7. Thereafter, petitioner filed a writ application in the Louisiana Supreme Court, metered September 27, 2004.  State Rec. Vol. 9.  The Louisiana Supreme Court denied his application on June 24, 2005. State Rec. Vol. 7. That court denied petitioner's August 9, 2005 motion for reconsideration on November 29, 2005.

---

[2] The application was signed by petitioner on March 8, 2004.  The 24th Judicial District Court, Parish of Jefferson, states in its April 29, 2004 order that the state file a response to the application that it was filed on March 10, 2004.  State Rec. Vol. 7.

*Id.* Petitioner then filed the instant petition, which was mailed for filing in this Court on November 6, 2007.

## II. PROCEDURAL REVIEW

### A. Custody Requirement

A petitioner must be "in custody" for a federal court to entertain a petition for habeas relief. 28 U.S.C. § 2241(c); 28 U.S.C.§ 2254(a). Physical incarceration satisfies the custody requirement. *See e.g., Maleng v. Cook*, 490 U.S. 488, 491, 109 S. Ct. 1923, 1925 (1989). Here, petitioner is incarcerated at the Elayn Hunt Correctional Center in St. Gabriel, Louisiana, pursuant to the conviction he is attacking. Rec. Doc. 1. Accordingly, this condition of the Court's subject matter jurisdiction over petitioner's claim for relief is satisfied.

### B. Venue

Under 28 U.S.C.A. § 2241(d), venue lies in the district in which the petitioner is incarcerated or the district from which his conviction or sentence was obtained. Petitioner is incarcerated at the Elayn Hunt Correctional Center in St. Gabriel, Louisiana, which is in Iberville Parish, a parish that falls within the Middle District of Louisiana under 28 U.S.C. § 98(b). However, petitioner was convicted and sentenced in Jefferson Parish, which under 28 U.S.C. § 98(a) falls within the Eastern District of Louisiana. Therefore, venue lies for this petition under 28 U.S.C.A § 2241(d).

### D. Timeliness

The state submits that the petition is untimely, and after reviewing the record the Court

agrees. The Anti-terrorism and Effective Death Penalty Act of 1996[3] (AEDPA) requires that a habeas petitioner bring his or her 28 U.S.C.§ 2254 action within one year of the date on which his or her conviction or sentence becomes final.[4] AEDPA's one-year statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C.§ 2254(d)(2); *Fields v. Johnson*, 159 F.3d 914 (5th Cir. 1998). "A properly filed application is one submitted according to the state's procedural requirements, such as the rules governing notice and the time and place of filing." *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir. 1999) (quoting *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3rd Cir. 1998)) (internal quotations omitted); *Williams v. Cain*, 217 F.3d 303 (5th Cir. 2000). Finally, out of an abundance of caution, this Court construes any tolling ambiguities in favor of a petitioner. *See, e.g., Navarre v. Stalder,* 2007 WL 1702774, *5 (E.D.La. 2007).

---

[3] Pub. L. 104-132, Apr. 24, 1996, 110 Stat. 1214.

[4] 28 U.S.C.§ 2244(d) provides:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

"[F]inality attaches when [the United States Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003); *see also, Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (reaching the same conclusion regarding "finality."). A petitioner has ninety days to file a writ of certiorari in the United States Supreme Court after a decision is rendered by the state's highest court. SUP. CT. R. 13(1).

Here, petitioner did not seek review in the Louisiana Supreme Court again after the Louisiana Fifth Circuit affirmed his conviction and sentence on remand from the high court, as petitioner acknowledges in his petition. The Louisiana Fifth Circuit issued its opinion on February 11, 2003. Petitioner then had 30 days from that date to file a timely writ application in the Louisiana Supreme Court, pursuant to Louisiana Supreme Court Rule X, § 5, or until March 13, 2003. Thus petitioner's conviction and sentence became final under AEDPA on that date. Therefore, petitioner was required under AEDPA to file any federal habeas petition within one year, or by March 13, 2004, unless this period was tolled.

The petitioner allowed three-hundred sixty-two days of the statute of limitations to elapse before he filed his application for post-conviction relief on March 10, 2004. The state argues that his writ application to the Louisiana Fifth Circuit, seeking review of the June 23, 2004 trial court decision denying his application for post-conviction relief was untimely filed. The trial court had granted petitioner an extension until August 7, 2004 in which to file his writ application, but he did not file it until August 25, 2004. However, the state acknowledges that it could be argued, in light of the confusion created by the separately docketed charges at

6

petitioner's trial, that petitioner's August 25, 2004 application was timely filed because it was filed within thirty days of the trial court's August 18, 2004 ruling, which clarified that it was denying relief in both captioned cases.  This court ordinarily construes any tolling ambiguities in favor of the petitioner, and will assume that his August 25, 2004 writ application was timely filed, such that this entire period should be tolled under AEDPA.

The state next notes that petitioner's writ application, which was filed into the record of the Louisiana Supreme Court on October 22, 2004, appears to be untimely, but that petitioner signed and dated his application on September 26, 2004, and that it bears a Pitney-Bowes metered date of September 27, 2004.  The state invokes the Louisiana "mailbox rule" and acknowledges that pursuant to such a rule, petitioner's writ application to the Louisiana Supreme Court for review of the denial of post-conviction relief was timely filed. Rec. Doc. 10 at 13 (citing *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006)).  The Louisiana Supreme Court denied relief on June 24, 2005.

Between that date and the filing of the federal petition, the state notes that petitioner filed a motion for reconsideration in the Louisiana Supreme Court on August 9, 2005, which was denied on November 29, 2005.  Because the Louisiana Supreme Court rules state that such a motion will not be considered in the context of an order merely denying an application for a writ, the State contends that the motion was not "properly filed" under AEDPA, and thus does not toll the statute of limitations.  *See* Louisiana Supreme Court Rule IX, § 6.  Finally, the state acknowledges that, while petitioner dated his petition November 26, 2007, the envelope in which it was mailed bears a metered date of November 6, 2007, such that the November 26, 2007 date

appears to be incorrect.  (It was tendered for filing on November 13, 2007).

The state has acknowledged all of the possible ambiguities that could be weighed in favor of petitioner regarding the timing of his various post-conviction applications, and his federal petition.  Even resolving all of those ambiguities in favor of the petitioner, however, petitioner filed his federal petition long after his one-year statute of limitations had expired.  The Court agrees.  Under AEDPA, petitioner was required to file his federal habeas petition, at the latest, within three days after he received notice of the Louisiana Supreme Court's June 24, 2005 ruling denying his writ application from denial of his post-conviction relief application.  He did not file the instant petition until November of 2007.   The Court notes that petitioner has raised a claim of actual innocence, which he argues should excuse any procedural default under the fundamental miscarriage of justice exception.  *See Sawyer v. Whitley*, 505 U.S. 333, 339 (1992).  However, no comparable exception is available for a petition that is untimely filed under 28 U.S.C. § 2244(d).

## IV. CONCLUSION

For the reasons stated above, the Court finds that Irvin Brooks' petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is untimely, having exceeded the statute of limitations by a significant period of time, even when construing any tolling ambiguities in favor of the petitioner.  It is therefore not necessary to consider the merits of the petition. Accordingly,

IT IS ORDERED that the petition of Irvin Brooks be hereby DENIED WITH PREJUDICE.  Judgment will be entered accordingly.

New Orleans, Louisiana, this 6th day of May, 2008.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE